**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
UNITED STATES                 :   Civ. No. 3:16MC00212(AWT)
                              :
v.                            :
                              :
JOHNATHAN ESPINAR             :   November 1, 2016
                              :
------------------------------x
```

<u>**ENFORCEMENT ORDER AND JUDGMENT**</u>

On April 7, 2016, Revenue Officer Doreen M. Murray issued an Internal Revenue Service Summons directing respondent Johnathan Espinar ("respondent") to appear before her on April 25, 2016, to testify and to produce for examination books, papers, records or other data described in the summons. <u>See</u> Doc. #1-1 at 2; Doc. #1-2 at 2. On April 8, 2016, Revenue Officer Murray personally served the summons on the respondent, by handing an attested copy to him. <u>See</u> Doc. #1-1 at 2; Doc. #1-2 at 3. The respondent failed to appear as directed. <u>See</u> Doc. #1 at 2.

On July 20, 2016, the government filed a Motion to Enforce the Internal Revenue Service summons, and the motion was referred to the undersigned on August 26, 2016. [Docs. ##1, 3]. On September 14, 2016, the Court granted the government's motion, and issued an Order to Show Cause why the respondent should not be compelled to comply with the subject summons. [Doc. #4]. On October 31, 2016, the undersigned held a Show

Cause Hearing, pursuant to the Court's Order to Show Cause. The respondent failed to appear.

The Internal Revenue Service ("IRS") has authority to issue summonses to ascertain the liability "of any person for any internal revenue tax" and to "examine any books, papers, records, or other data which may be relevant or material to such inquiry[.]" 26 U.S.C. §7602(a). "If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data." 26 U.S.C. §7604(a).

> For a District Court to enforce a summons, the IRS must demonstrate that: (1) the summons was issued for a legitimate purpose; (2) the summoned data may be relevant to that purpose; (3) the information is not already in the IRS's possession; and (4) the administrative procedures required by the Internal Revenue Code for issuance and service have been followed. See United States v. Powell, 379 U.S. 48, 57-58 (1964). It is well established that an affidavit from a government official, attesting that each of the Powell requirements has been met, is sufficient to establish a prima facie case.

United States v. Navarro, 304 F. App'x 908, 910 (2d Cir. 2008). "Once the government makes a sufficient preliminary showing for enforcement, the burden shifts to the taxpayer to disprove one of the four Powell criteria, or to demonstrate that judicial enforcement should be denied on the ground that it would be an

abuse of the court's process, or on any appropriate ground[.]" U.S. v. Beacon Fed. Sav. & Loan, 718 F.2d 49, 52 (2d Cir. 1983) (quotation marks and citations omitted).

In the instant matter, the Internal Revenue Service has demonstrated that judicial enforcement should be granted. Specifically, the Internal Revenue Service has shown that: (1) the summons was issued pursuant to an investigation to determine the federal income tax liability of the respondent for the tax period ending December 31, 2014, and was therefore issued for a legitimate purpose; (2) the summoned testimony and data may be relevant to that determination; (3) the testimony and other data sought are not already in the possession of the Internal Revenue Service; and (4) the administrative steps required by the Internal Revenue Code have been followed.

Moreover, the respondent has failed to demonstrate that judicial enforcement should be denied. The respondent did not file a written response to the petition of the government, nor did the respondent appear at the October 31, 2016, hearing, despite being personally served with the Court's Order to Show Cause and the calendar entry of the October 31, 2016, hearing date. See Doc. #6.

Therefore, it is **ORDERED, ADJUDICATED, AND DECREED** that the respondent, Johnathan Espinar, appear before Revenue Officer Doreen M. Murray, or a designated representative, **on or before**

**December 1, 2016**, at the Office of the Internal Revenue Service, 135 High Street, Stop 325, Hartford, Connecticut, to be sworn, to give testimony, and to produce the books, records, papers, and other data as demanded by the summons served upon the respondent, on April 8, 2016, for examination and for copying by photographic or other mechanical means of reproduction, with such examination and copying to continue from day to day until completed.

The respondent is further **ORDERED** to appear before the undersigned on **December 8, 2016, at 10:00 a.m.**, in Courtroom 5 of the United States Courthouse, 141 Church Street, New Haven, Connecticut, to show cause as to why he should not be held in contempt for failing to obey this Court's order.

It is further **ORDERED** that a copy of this Enforcement Order and Judgment be served in accordance with Rule 4(c)(2) of the Federal Rules of Civil Procedure upon Johnathan Espinar, on or before November 8, 2016.

SO ORDERED at New Haven, Connecticut, this 1st day of November, 2016.


                            /s/
        _____
        HON. SARAH A. L. MERRIAM
        UNITED STATES MAGISTRATE JUDGE